UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62879-CIV-RUIZ/STRAUSS

DAVID BLOOMGARDEN,

     Plaintiff,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY,

     Defendant.

_____/

## ORDER SETTING DISCOVERY HEARING

     **THIS CAUSE** is before the Court upon non-party CoPart of Connecticut Inc.'s [("CoPart's)] Amended Motion for Protective Order ("Motion") (DE 62), which has been referred by the District Court for appropriate disposition. DE 16; DE 33.  The Court has been contacted by counsel for CoPart for the purpose of setting a discovery hearing to address the Motion. Accordingly, the Court **ORDERS** as follows:

     <u>Discovery Hearing</u>:  A hearing will be held on **Friday, May 15, 2020**, **at 1:30 p.m**. The Discovery Hearing will be telephonic only.  **Attendance may be made by dialing 1-888-557-8511 by 1:20 p.m.  The access code is 9883094.  Counsel for the parties and unrepresented parties shall not use speakerphone and should avoid using a cell phone if possible.  Other attendees must keep their phone on mute.**[1]  By no later than **Monday, May 11, 2020, at noon**

---

[1] Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings.  Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

**(12:00 p.m.),** the parties shall confer and prepare a Joint Discovery Status Report, identifying the issues/discovery requests to be considered.

        <u>**Discovery Status Report**</u>. The Joint Discovery Status Report shall be signed by all counsel and filed with the Court by the deadline above. Counsel for the moving party shall also email a copy of the Joint Status Report in Word format to <u>strauss@flsd.uscourts.gov.</u> The Joint Status Report must set forth the following information for the unresolved discovery issues: (1) the verbatim request; (2) the verbatim response; (3) a <u>**succinct**</u> summary of each party's position (**not a memorandum of law**); and (4) the result of the parties' meet and confer. The parties may group the discovery requests by issue, as appropriate. The information must be presented in chart form as set forth below, addressing one discovery request/issue per page:

| Request No. [  ]: [VERBATIM REQUEST] | | |
|---|---|---|
| Response:        [VERBATIM  RESPONSE] | | |
| Movant's Position: | Opponent's Position: | [LEAVE BLANK FOR COURT USE] |

        <u>**Discovery Procedures.**</u> The Court does not recognize generalized boilerplate objections. *See, e.g., Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless'"); *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008)

("[G]eneralized objections, which purport to object to each and every category of documents, are not recognized by this Court.")  Boilerplate objections may also border on a frivolous response to discovery requests.  *Steed v. Everhome Mortg. Co.*, 308 Fed. Appx. 364, 371 (11th Cir. 2009).

"Parties shall not recite a formulaic objection followed by an answer to the request. . . . Such objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008).

The undersigned enforces Fed. R. Civ. P. 37(a)(5) where warranted.

**Written Motions**: No further written discovery motions or memoranda of law, including motions to compel and motions for protective order, shall be filed unless requested by the Court.

**Resolution of Issues Prior to Hearing**: Even though a hearing has been set, the parties are encouraged to continue negotiating a resolution of disputed discovery matters.  If those efforts are wholly successful, then counsel should so inform Chambers as soon as possible to cancel the hearing.   Similarly, if the parties resolve some, but not all, of their issues before the hearing, counsel should so inform Chambers to avoid the unnecessary expenditure of judicial resources on matters no longer in dispute.  **Upon review of the Joint Discovery Status Report, the Court will make a final determination whether to proceed with the scheduled hearing.  Unless an Order Cancelling Hearing is entered, the hearing will take place as scheduled.**

**Professionalism of Counsel.**   The Court expects all parties to act courteously and professionally in the resolution of discovery disputes.  The Court may impose sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of May 2020.

Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF

4