UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-62879-RAR

DAVID BLOOMGARDEN,
on behalf of himself and all
others similarly situated,

       Plaintiff,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE CO.,

       Defendant.
_____/

## DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE UNREDACTED COPIES UNDER SEAL

Defendant, ALLSTATE FIRE & CASUALTY INSURANCE CO. ("Allstate" or "Defendant"), pursuant to Local Rule 5.4 and the Court's Confidentiality Order [D.E. 60], moves for leave to file unredacted copies of its Opposition to Plaintiff's Motion for Partial Summary Judgment and Response to Plaintiff's Statement of Material Facts under seal, and states as follows:

    1.    On April 23, 2020, Magistrate Judge Jared Strauss entered a Confidentiality Order that governs the use and disclosure of confidential information [D.E. 60].

    2.    In response to Plaintiff's Requests for Production, Allstate has produced documents, including proprietary policies, procedures, and claims handling materials, which were designated as confidential pursuant to the Confidentiality Order.

    3.    On May 27, 2020, Plaintiff took the deposition of Kevin Bolkema, Allstate's corporate representative. Numerous documents previously designated as confidential were marked as exhibits at the deposition. Mr. Bolkema provided responsive testimony to questions

relating to Allstate's internal processes, elaboration on claims handling procedures, and handling of Mr. Bloomgarden's claim.

4. On June 19, 2020, Plaintiff filed a Motion for Partial Summary Judgment [D.E. 74] and Statement of Material Facts [D.E. 75]. Unredacted copies of these filings and accompanying exhibits were filed under seal in accordance with the Court's Order granting leave to file under seal [D.E. 77].

5. Defendant addresses the testimony of Mr. Bolkema and other confidential documents in its Opposition to Plaintiff's Motion for Partial Summary Judgment and Response to Statement of Material Facts and filed redacted copies of these documents on July 13, 2020.

6. Allstate requests leave to file unredacted versions of the aforementioned documents under seal.

7. The Court may order confidential documents disclosed during discovery be sealed for a showing of good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Documents produced under a confidentiality order are "presumptively protected unless challenged." *Gunson v. BMO Harris Bank, N.A.*, 300 F.R.D. 581, 585 (S.D. Fla. 2014) (quoting Manual Complex Lit. § 21.432 (3d ed.)). "[T]he public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests." *Molloy v. Boynton*, No. 3:17-CV-1157-J-20MCR, 2017 WL 4700484, at *1 (M.D. Fla. Oct. 19, 2017). "Good cause generally signifies a sound basis or legitimate need to take judicial action." *Id.*

8. For example, in *Bastian v. United Servs. Auto. Ass'n*, No. 3:13-CV-1454-J-32MCR, 2014 WL 6908430, at *1 (M.D. Fla. Dec. 8, 2014), the plaintiff sued USAA claiming that USAA failed to fully reimburse its policyholders for sales tax on total loss vehicles. The court permitted

USAA to file materials containing "information regarding payment of sales tax, including USAA's historical practice on paying sales tax and the reasons for its practices."  USAA argued that "it is insurance industry practice to protect such internal operating procedures from disclosure to competitors because the procedures are the result of a significant investment of time and money and their disclosure would provide competitors these valuable materials at no cost." *Id.*  The court noted that "USAA in particular guards its internal operating procedures by storing them only electronically on the company's intranet, which is in turn password-protected and restricted to those who have agreed to USAA's information security procedures." *Id.*  The court held that there was good cause to file the documents under seal, as its "internal operating procedures are proprietary," "no means other than sealing is likely to protect the confidential nature of the documents," and "the public's interest in this information is outweighed by the interest in preserving the confidentiality of this information." *Id.* at *1.

9. Similarly, here, Mr. Bolkema's testimony refers to marked exhibits to the deposition, and explains many of Allstate's internal operating practices, procedures, and manuals. The proprietary materials discussed in his deposition are relevant to the Court's consideration of Plaintiff's Motion for Partial Summary Judgment and Defendant's Opposition, no means other than sealing is likely to protect the confidential nature of the documents while providing the Court what it needs to resolve the issues in the briefs, and preserving the confidentiality of this information outweighs the public's interest in this information.

10. The proposed sealed material should be kept under seal until (1) the parties agree that the confidential material can be publicly disclosed; or (2) the Court enters an order requiring the confidential material be publicly disclosed.

WHEREFORE, Defendant, ALLSTATE FIRE & CASUALTY INSURANCE CO., respectfully requests that this Court enter an Order granting it leave to file unredacted copies of its Opposition to Plaintiff's Motion for Partial Summary Judgment and Response to Plaintiff's Statement of Material Facts under seal.

## **LOCAL RULE 7.1 CERTIFICATE**

On June 18, 2020, the Parties conferred regarding the filing of Mr. Bolkema's deposition and other confidential documents and citations to same under seal. Plaintiff does not oppose the relief sought in this motion.

Respectfully submitted,

**COZEN O'CONNOR**

By:  /s/  Peter J. Valeta, Esq.

    Peter J. Valeta
    Florida Bar No. 327557
    Email:  pvaleta@cozen.com
    Wendy N. Enerson, Esq.
    (Admitted *Pro Hac Vice*)
    Email:  wenerson@cozen.com
    123 N Upper Wacker Dr. Suite 1800
    Chicago, IL 60606
    Telephone: (312) 474-7895
    Facsimile: (312) 878-2022

    Alexandra J. Schultz, Esq.
    Florida Bar No.: 122100
    Email:  aschultz@cozen.com
    One North Clematis Street, Suite 510
    West Palm Beach, FL 33401
    Telephone:     561-515-5250
    Facsimile:     561-515-5230

    *Attorneys for Defendant, Allstate Fire & Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of July, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

        */s/* Peter J. Valeta, Esq.
            Peter J. Valeta, Esq.

**SERVICE LIST**

*Attorneys for Plaintiff*
Edward H. Zebersky, Esq.
Mark S. Fistos, Esq.
Zebersky Payne, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: 954-989-6333
Facsimile: 954-989-7781
Email: ezebersky@zpllp.com
Email: mfistos@zpllp.com
Email: ndiaz@zpllp.com


Carly Kligler, Esq.
Alec Schultz, Esq.
Leon Cosgrove, LLP
225 Alhambra Circle, Suite 800
Coral Gables, FL 33134
Telephone: 305-740-1975
Facsimile: 305-437-8158
Email: aschultz@leoncosgrove.com
Email: ckligler@leoncosgrove.com
Email: eperez@leoncosgrove.com
Email: cmanzano@leoncosgrove.com

5